**Lloyd G. THOMPSON, M.D., Appellant,**

v.

**Chester W. BEYER, M.D., Appellee.**

**No. 05–01–01739–CV.**

Court of Appeals of Texas, Dallas.

Nov. 26, 2002.

Jay C. English, English & Associates, P.C., Dallas, for Appellant.

Paige A. Lueking, Michelle E. Robberson, Cooper & Scully, PC, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices WHITTINGTON and O'NEILL.

**OPINION**

Opinion By Justice O'NEILL.

Appellant Lloyd G. Thompson, M.D., sued Chester W. Beyer, M.D., and others for medical malpractice. Beyer filed a motion to dismiss and to award costs and attorneys' fees. On January 26, 2001, the trial court granted Beyer's motion and ordered that Thompson's claims against Beyer be dismissed with prejudice. The dismissal order also expressly awarded Beyer his attorneys' fees, but was silent as to costs. Beyer filed a motion to sever "so that he may have finality" of the claim. On April 24, 2001, the trial court signed a severance order, severing Thompson's claims against Beyer into this cause. Almost four months later, on August 17, 2001, the trial court signed a document entitled "final judgment" purporting to enter a take-nothing judgment against Thompson and to award attorneys' fees and costs to Beyer. On September 17, 2001, Thompson filed a notice of appeal.

In his brief, Beyer contends this Court lacks jurisdiction because Thomp-

son's notice of appeal was untimely. Specifically, Beyer contends the severance order resulted in a final judgment and Thompson was required to timely appeal from that order.

A judgment is final if it either actually disposes of all claims and parties before the court or states with "unmistakable clarity" that it is a final judgment. *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex.2001); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192 (Tex.2001). As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of, unless the order of severance indicates further proceedings are to be had in the severed action. *Tanner v. Karnavas*, 86 S.W.3d 737, 743 (Tex.App.-Dallas 2002, pet. filed); *see also Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam). The appellate timetable runs from the signing date of whatever order makes the severed judgment final and appealable. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) (per curiam); *Tanner*, 86 S.W.3d at 743.

In this case, the trial court's dismissal order expressly disposed of all affirmative claims between Thompson and Beyer. Specifically, it dismissed Thompson's suit against Beyer and awarded Beyer his attorneys' fees. However, because Thompson's claims against other defendants were still pending, Beyer filed a motion to sever. On April 24, 2001, the trial court granted the motion and severed Thompson's suit against Beyer. The severance order did not contain any language suggesting further proceedings were to be had in the severed action. *See Tanner*, 86 S.W.3d at 743. Consequently, the dismissal order became final and appealable as of the date of severance. However, Thompson did not file a notice of appeal until September 17,

2001, long after expiration of the appellate timetables. Therefore, Thompson's appeal is untimely and we have no jurisdiction over this appeal.

In reaching this conclusion, we reject Thompson's assertion that the trial court's dismissal order did not dispose of all claims between Beyer and Thompson because the trial court did not expressly dispose of Beyer's "claim" against Thompson for costs.

In *City of West Lake Hills v. State*, the Texas Supreme Court assumed, without discussion, that a trial court's failure to assess costs did not affect the finality of its judgment. In that case, the trial court rendered a "Judgment" on January 9 and a "Corrected Final Judgment" on February 5. *City of West Lake Hills v. State*, 466 S.W.2d 722, 727 (Tex.1971). The difference between the first judgment and the corrected judgment was that the corrected judgment provided for the payment of costs, but the first judgment was silent in that respect. *Id.* The supreme court held that the appellate timetables began to run from the date of the second judgment *because* the trial court had retained plenary jurisdiction over the first judgment for thirty days. It is apparent from the supreme court's reasoning in *City of West Lake Hills* that the first judgment was final notwithstanding its failure to assess costs. Otherwise, the trial court's jurisdiction to alter the first judgment would not have been limited to thirty days.

We acknowledge the supreme court did not specifically discuss why a judgment need not assess costs to be final. However, it is clear that Texas law does not treat costs like other claims. Specifically, a request for costs is not itself a "claim for affirmative relief." *See Varner v. Howe*, 860 S.W.2d 458, 466 (Tex.App.-El Paso 1993, no writ); *Anglo Exploration*

*Corp. v. Grayshon,* 562 S.W.2d 567, 568 (Tex.Civ.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e.). For example, a party is not required to plead for costs. *See Varner,* 860 S.W.2d at 466. Further, a case can be moot even if costs are still at issue. *See Brownsville Indep. Sch. Dist. Bd. of Trustees v. Brownsville Herald,* 831 S.W.2d 537, 539 (Tex.App.-Corpus Christi 1992, no writ); *Parkmont Prods. Corp. v. Walker,* 511 S.W.2d 75, 76 (Tex.Civ.App.-Waco 1974, no writ). We conclude a trial court is not required to assess costs for its judgment to be final. *Cf. Gifford v. Old Republic Ins. Co.,* 613 S.W.2d 43, 46 (Tex. App.-Houston [14th Dist.] 1981, no writ) (asserting jurisdiction over cause notwithstanding trial court's failure to assess costs).

Thompson also asserts this Court has jurisdiction over this appeal because he made a bona fide attempt to appeal the trial court's judgment by filing the untimely notice of appeal. We have recently decided this precise issue against Thompson. *See Tanner,* 86 S.W.3d at 744 (holding untimely attempt to invoke appellate jurisdiction in severed case not "bona fide" attempt to appeal).

In this case, the trial court actually disposed of all affirmative claims between Beyer and Thompson when it rendered its dismissal order and awarded Beyer his attorneys' fees. That order became final when the trial court severed those claims. Because Thompson did not timely appeal the severance order, we have no jurisdiction over this appeal. We dismiss this appeal for want of jurisdiction.