Robyn A. STRAZA and Richard Straza, Appellants,

v.

FRIEDMAN, DRIEGERT & HSUEH, L.L.C., Lawrence J. Friedman, Ernest Leonard, Weil & Petrocchi, P.C., and Christopher M. Weil, Appellees.

No. 05–02–01831–CV.

Court of Appeals of Texas, Dallas.

Dec. 31, 2003.

Rehearing Overruled Feb. 6, 2004.

 

Daniel J. Sheehan, Jr., John M. Phalen, Jr., Daniel Sheehan & Associates, L.L.P., Dallas, for Appellants.

Jeffrey Wallace Hellberg, Jr., Flanary Carter Schubert, P.C., Lance Eric Caughfield, Craig L. Reese, Fletcher & Springer, L.L.P., Robert R. Roby, Gwinn & Roby, Dallas, for Appellees.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

Opinion by Justice WHITTINGTON.

Appellees Friedman, Driegert & Hsueh, L.L.C., Lawrence J. Friedman, Ernest Leonard, Weil & Petrocchi, P.C., and Christopher M. Weil filed a motion to dismiss this appeal, arguing appellants Robyn A. Straza and Richard Straza did not file a timely notice of appeal. In a letter dated April 17, 2003, we informed the parties the motion to dismiss would be considered by the panel at the time of submission. We now grant appellees' motion and dismiss the appeal.

The Strazas, father and daughter, filed suit against appellees seeking damages for negligence, breach of fiduciary duty, and conspiracy. The Strazas alleged appellees' actions resulted in an adverse jury verdict and judgment against them in a federal court lawsuit. In three separate motions, all appellees moved for summary judgment on the entire case, alleging various grounds including lack of causation as a matter of law. On June 7, 2002, the trial judge heard the motions for summary judgment filed by Leonard, Friedman, and Friedman, Driegert and Hsueh, L.L.C. On July 11, 2002, the trial judge heard the motions for summary judgment of Weil

and Weil & Petrocchi, P.C. On September 5, 2002, the trial judge signed orders granting summary judgment to all appellees. On November 15, 2002, the trial judge signed a "Final Judgment." The Final Judgment recited the dates, appearances, motions, responses, and objections considered regarding the summary judgment motions, and then provided (emphasis added):

> This Court is of the opinion that motions for summary judgment filed by Ernest Leonard, Friedman, Driegert and Hsueh, L.L.C., Lawrence J. Friedman, Weil and Petrocchi, P.C., and Christopher M. Weil should each be and they are hereby granted. *The Court has signed separate orders granting each summary judgment.*
>
> *This Court determines and finds that the granting of the motions for summary judgment filed by each of the defendants in this case disposes of all of the issues between all of the parties, and that, therefore, it is appropriate to make this final judgment.*

As noted in the Final Judgment, the trial judge previously signed orders granting summary judgment to all appellees. One order granted the motion of Weil and Petrocchi, P.C., and Weil (the "Weil Order"); one granted Leonard's motion (the "Leonard Order"); and one granted the motion of Friedman and Friedman, Driegert and Hsueh, L.L.C. (the "Friedman Order"). All three orders stated the court was of the opinion the summary judgment motion should be and hereby was granted. The Weil Order and the Leonard Order also "ordered, adjudged, and decreed" that the Strazas take nothing by their suit. In the Friedman Order, this language was crossed out.

■ Appellees maintain these orders, not the Final Judgment, are the judgments from which appellants should have appealed. We agree.

■ When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001). There must be a "clear indication that the trial court intended the order to completely dispose of the entire case." *Lehmann,* 39 S.W.3d at 205.

The three orders at issue here unequivocally state appellees' motions for summary judgment are granted. The summary judgment motions reflect that each appellee sought judgment on the whole case and against both appellants. The trial judge informed the parties by letter dated August 7, 2002, that each of the appellees' motions for summary judgment were granted, and directed appellees' counsel "to prepare the proper orders granting their respective summary judgment motion." Appellees' counsel submitted orders, and appellants' counsel objected by letter to the award of costs in one of the draft orders. In each order signed by the trial judge on September 5, the award of costs is crossed out.

■ Appellants argue the orders are not final judgments because costs are not addressed. However, a trial court is not required to assess costs for a judgment to be final. *Thompson v. Beyer,* 91 S.W.3d 902, 904 (Tex.App.-Dallas 2002, no pet.). Appellants also argue the trial judge did not intend the September 5 orders to be final because he (i) struck out language in the Friedman Order stating appellants take nothing by their suit and (ii) signed the Final Judgment and an order allowing counsel for Leonard to withdraw more than thirty days after signing the Septem-

ber 5 orders. We disagree. It is not clear what the trial judge's intent might have been in striking out the language in the Friedman Order. Even without the stricken language, however, the Friedman Order grants the corresponding motion for summary judgment in its entirety without reserving any issues for future determination. *See Lehmann*, 39 S.W.3d at 192 (judgment final if "it actually disposes of all claims and parties then before the court, regardless of its language"). The Final Judgment and the withdrawal order were signed on the same day. The Final Judgment, as noted above, provided that the summary judgment orders had disposed of all issues among the parties.

Because appellants' November 20, 2002 notice of appeal was not filed within thirty days after the final summary judgment orders were signed, the notice of appeal in this case was not timely. *See* TEX.R.APP. P. 26.1. Therefore, we have no jurisdiction over the Strazas' appeal.

We grant appellees' motion and dismiss this appeal for want of jurisdiction.