COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-195-CV

 

 

JACQUELINE A. RUTLEDGE-                                                  APPELLANT

HENDERSON                                                                                       

 

                                                   V.

 

DANIEL HENDERSON                                                              APPELLEE

 

                                              ------------

 

               FROM
COUNTY COURT AT LAW OF PARKER COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Jacqueline A. Rutledge-Henderson appeals from the
trial court=s clarification orders of March 9, 2006
and May 2, 2006.  Neither order purports
to be a final judgment.  Additionally, as
Appellant acknowledges, still at issue in the trial court is a request for
attorney=s fees.  On June 27,
2006, we notified the parties that we were concerned that this court lacks
jurisdiction over the orders because of the open issue of attorney=s fees.  We indicated that this
case could be dismissed for want of jurisdiction if the parties did not show
grounds for continuing the appeal.  On
July 18, 2006, after receiving notification that a hearing on the issue had
been set, cancelled, and not yet rescheduled, we granted the parties additional
time in which to resolve the issue of attorney=s fees below.








On August 30, 2006, Appellant
sent a letter acknowledging that the issue of attorney=s fees remains pending in the trial court but arguing that the orders
complained of are nevertheless final and appealable.  Specifically, Appellant points out that
section 9.014 of the Texas Family Code provides that A[t]he court may award reasonable attorney=s fees as costs,@[2] and Appellant then cites three cases for the proposition that costs
do not have to be assessed for a judgment to be final.  The cases cited do not involve family law,
section 9.014, or disputed attorney=s fees taxed as costs.[3]  They are therefore inapplicable to this case,
in which the issue of attorney=s fees is clearly disputed.[4]  Consequently, we are not persuaded that the
two orders are final and appealable;[5]
that is, we conclude that Appellant=s response does not show grounds for continuing the appeal.

Accordingly, because the
orders are neither final nor appealable interlocutory orders, we dismiss this
appeal for want of jurisdiction.[6]

 

PER CURIAM

PANEL
B:    DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  September 21, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Fam.
Code Ann. ' 9.014 (Vernon 2006).





[3]See Straza v. Friedman, Driegert,
& Hsueh L.L.C.,
124 S.W.3d 404 (Tex. App.CDallas 2003, pet. denied); City
of Marshall v. Gonzales, 107 S.W.3d 799 (Tex. App.CTexarkana 2003, no pet.); Thompson
v. Beyer, 91 S.W.3d 902 (Tex. App.CDallas 2002, no pet.).





[4]See Thompson, 91 S.W.3d at 904 (noting that
attorney=s fees had been awarded despite the
absence of award of costs); see also Lehmann v. Har‑Con
Corp., 39 S.W.3d 191, 192-93 (Tex. 2001) (A[A] judgment issued without a
conventional trial is final for purposes of appeal if and only if either it
actually disposes of all claims and parties then before the court, regardless
of its language, or it states with unmistakable clarity that it is a final
judgment as to all claims and all parties.@).





[5]See Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a) (Vernon Supp. 2006) (listing appealable
interlocutory orders); Lehmann, 39
S.W.3d at 195 (providing general rule that an appeal may be taken only from a
final judgment).





[6]See Tex. R. App. P. 42.3(a), 43.2(f).