COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-195-CV

JACQUELINE A. RUTLEDGE- APPELLANT

HENDERSON 

V.

DANIEL HENDERSON APPELLEE

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jacqueline A. Rutledge-Henderson appeals from the trial court’s clarification orders of March 9, 2006 and May 2, 2006.  Neither order purports to be a final judgment.  Additionally, as Appellant acknowledges, still at issue in the trial court is a request for attorney’s fees.  
On June 27, 2006, we notified the parties that we were concerned that this court lacks jurisdiction over the orders because of the open issue of attorney’s fees.  We indicated that this case could be dismissed for want of jurisdiction if the parties did not show grounds for continuing the appeal.  On July 18, 2006, after receiving notification that a hearing on the issue had been set, cancelled, and not yet rescheduled, we granted the parties additional time in which to resolve the issue of attorney’s fees below.

On August 30, 2006, Appellant sent a letter acknowledging that the issue of attorney’s fees remains pending in the trial court but arguing that the orders complained of are nevertheless final and appealable.  Specifically, Appellant points out that section 9.014 of the Texas Family Code provides that “[t]he court may award reasonable attorney’s fees as costs,”
(footnote: 2) and Appellant then cites three cases for the proposition that costs do not have to be assessed for a judgment to be final.  The cases cited do not involve family law, section 9.014, or disputed attorney’s fees taxed as costs.
(footnote: 3)  They are therefore inapplicable to this case, in which the issue of attorney’s fees is clearly disputed.
(footnote: 4)  Consequently, we are not persuaded that the two orders are final and appealable;
(footnote: 5) that is, we conclude that Appellant’s response does not show grounds for continuing the appeal.

Accordingly, because the orders are neither final nor appealable interlocutory orders, we dismiss this appeal for want of jurisdiction.
(footnote: 6)

PER CURIAM

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  September 21, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Fam. Code Ann.
 § 9.014 (Vernon 2006).

3:
See Straza v. Friedman, Driegert, & Hsueh L.L.C.
, 124 S.W.3d 404 (Tex. App.—Dallas 2003, pet. denied); 
City of Marshall v. Gonzales
, 107 S.W.3d 799 (Tex. App.—Texarkana 2003, no pet.); 
Thompson v. Beyer
, 91 S.W.3d 902 (Tex. App.—Dallas 2002, no pet.).

4:
See Thompson
, 91 S.W.3d at 904 (noting that attorney’s fees had been awarded despite the absence of award of costs); 
see also
 
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 192-93 (Tex. 2001) (
“[A] judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.”).

5:
See 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 51.014(a) (Vernon Supp. 2006) (listing appealable interlocutory orders);
 
Lehmann
, 39 S.W.3d at 195 (providing general rule that an appeal may be taken only from a final judgment).

6:
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).