# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00379-CV

**Saudi Refining, Inc., Appellant**

**v.**

**Susan Combs, successor-in-interest to Carole Keeton Rylander,
Comptroller of Public Accounts of the State of Texas, and Greg Abbott,
successor-in-interest to John Cornyn, Attorney General of the State of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-99-004227, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal arises from a franchise tax refund case that was fully and finally decided on cross motions for summary judgment in 2003. Although the final judgment had been entered in 2003, the case remained pending in the district clerk's records. Because the parties took no further action, it was placed on the dismissal docket for want of prosecution in 2006. The district court signed an order retaining the case in 2007. Ultimately, because that retention order was signed after the court's plenary power had expired, the case was dismissed for want of jurisdiction.

Appellant Saudi Refining, Inc. filed its notice of appeal from the 2007 order dismissing the case for want of jurisdiction. Appellees Susan Combs, Successor-in-Interest to Carole Keeton Rylander, Comptroller of Public Accounts of the State of Texas; and Greg Abbott,

Successor-in-Interest to John Cornyn, Attorney General of the State of Texas filed a motion to dismiss the appeal for want of jurisdiction. We will grant the motion.

In 2002, the parties filed traditional motions for summary judgment pursuant to Texas Rule of Civil Procedure 166a. Appellant's motion specified that it sought judgment on its "entire claim against the Comptroller." On January 23, 2003, the district court signed an order granting summary judgment in favor of appellees and denying appellant's motion. Both parties considered this order to have been final and appealable. No appeal was taken.

Almost four years later, the parties received a notice of intent to dismiss the case for want of prosecution. Appellant filed a motion to retain, noting that "the Court apparently d[id] not consider the matter to be completely resolved." The district court granted the motion to retain on March 27, 2007.

The next month, appellees filed a motion to dismiss the case for want of jurisdiction because the court's order retaining the case on the docket was signed four years after its plenary power expired. *See* Tex. R. Civ. P. 306a, 329b. Appellant responded that the 2003 order was not final because there was no determination of the court costs prayed for by appellees. On June 15, 2007, after concluding that the 2003 order disposed of all claims and parties and was final, the district court signed an order dismissing the case for want of jurisdiction. On July 5, 2007, appellant filed this appeal, which appellees have sought to dismiss.

In response to appellees' motion to dismiss, appellant renews its argument that the 2003 order is not final because it does not address court costs. But a trial court is not required to assess costs for a judgment to be final. *Straza v. Friedman, Driegert & Hsueh, L.L.C.*, 124 S.W.3d 404, 406 (Tex. App.—Dallas 2003, pet. denied); *City of Marshall v. Gonzales*, 107 S.W.3d 799, 803

(Tex. App.—Texarkana 2003, no pet.); *Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) (citing *City of West Lake Hills v. State*, 466 S.W.2d 722, 727 (Tex. 1971) (concluding that trial court retained jurisdiction for thirty days over judgment that did not adjudicate costs)). A summary judgment is final for purposes of appeal if it "actually disposes of every pending claim and party" before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Here, the 2003 order disposed of all parties who were before the court and all claims, thus it was final. "[A]ppellate courts will not review judgments in cases where no actual controversy exists between the parties other than a determination of costs." *Metal Enters., Inc. v. Don Love, Inc.*, 562 S.W.2d 892, 893 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) (citing *City of West Univ. Place v. Martin*, 123 S.W.2d 638 (1939)); *see also Beyer*, 91 S.W.3d at 904 (noting that "a request for costs is not itself a 'claim for affirmative relief'").

Appellant's notice of appeal, filed more than four years after the district court's final order on the cross motions for summary judgment, did not invoke our jurisdiction. *See* Tex. R. App. P. 26.1, 26.3. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 697 (Tex. App.—El Paso 2007, no pet.).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Dismissed for Want of Jurisdiction

Filed: October 12, 2007