COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-08-080-CV

                                                                                                        

IN THE INTEREST OF S.A.A., H.C.A., AND L.S.A.                                     

 

                                              ------------

 

           FROM THE 231ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Scott A. Akin attempts to appeal from
an order granting attorney=s fees
to V. Wayne Ward, who filed a petition in intervention in Appellant=s
original action.  We dismiss for want of
jurisdiction.








Ward intervened in October 2007, seeking fees for
legal services that he claimed Appellant had not paid.[2]  On February 13, 2008, the trial court signed
an order entitled, AFINAL JUDGMENT,@ in
trial court cause number 231-384629-05, which granted $11,488.00 to Ward as the
principal amount, plus interest.      On February 19, on Ward=s
motion, the trial court signed an AORDER ON
MOTION FOR SEVERANCE.@ 
This document ordered that the intervention be severed from trial court
cause number 231-384629-05, Aand made
the subject of a separate action, to proceed as such to final judgment or other
disposition in this Court.@  The severed action became trial court cause
number 231-434723-08.  

On February 27, Appellant filed a document with
this court that indicated his desire to appeal the order granting attorney=s fees
in trial court cause number 231-384629-05. 
On
March 10, we notified the parties that it appeared that this court lacked
jurisdiction because there might not be a final judgment in the trial
court.  We based this concern on the
language, cited above, that the trial court used in granting the motion to
sever, which it signed six days after signing the purported final judgment in
trial court cause number 231-384629-05, and which created the separate action
under trial court cause number 231-434723-08. 









Our letter also informed the parties that they had until
March 31 to furnish this court with a signed final judgment in trial court
cause number 231-434723-08, and that, if no final judgment had been signed and
provided to us by this date, then this attempted appeal would be dismissed for
want of jurisdiction.

Generally, appellate courts can review only final
and appealable judgments.[3]  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
195 (Tex. 2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985).  As a rule, the severance of an interlocutory
judgment into a separate cause makes it final. 
Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995) (per
curiam).  But where, as here, a severance
order expressly contemplates that the severed claims will Aproceed
as such to final judgment or other disposition in this Court,@ a final
judgment is precluded until a later judgment is signed.  Diversified Fin. Sys., Inc. v. Hill,
Heard, O=Neal, Gilstrap & Goetz, P.C., 63
S.W.3d 795, 795 (Tex. 2001); see also Thompson v. Beyer, 91 S.W.3d 902,
904 (Tex. App.CDallas 2002, no pet.) (AAs a
rule, a severance of an interlocutory judgment into a severed action makes it
final if all claims in the severed action have been disposed of, unless the
order of severance indicates further proceedings are to be had in the severed
action.@ (emphasis added)) 








The order from which Appellant attempts to appeal
purports to be a final judgment as to Ward=s
intervention, but the language in the subsequent severance order contradicts
that intention.  See Diversified Fin.
Sys., 63 S.W.3d at 795. 
Specifically, the severance order=s
language, Ato proceed as such to final
judgment or other disposition in this Court,@
indicates that the trial court contemplated future action.  Id. 
Therefore, because neither party has presented us with a final
appealable judgment in trial court cause number 231-434723-08, we dismiss this
appeal for want of jurisdiction.[4]  See Tex.
R. App. P. 42.3(a), 43.2(f). 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED: May 8, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant asserted that he terminated Ward=s
services on July 5, 2007, and did not owe him $11,488.





[3]Certain interlocutory orders may also be
appealed.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014
(Vernon Supp. 2007).  However, none of
those exceptions to the general rule are applicable to this case.





[4]However, our action
should not be construed in a manner that would prevent Appellant from later
pursuing a timely appeal from an actual final judgment in trial court cause
number 231-434723-08.