

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-080-CV**

IN THE INTEREST OF S.A.A., H.C.A., AND L.S.A.

------------

FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Scott A. Akin attempts to appeal from an order granting attorney's fees to V. Wayne Ward, who filed a petition in intervention in Appellant's original action. We dismiss for want of jurisdiction.

Ward intervened in October 2007, seeking fees for legal services that he claimed Appellant had not paid.[2] On February 13, 2008, the trial court signed an order entitled, "FINAL JUDGMENT," in trial court cause number 231-

------------

[1] *See* TEX. R. APP. P. 47.4.

[2] Appellant asserted that he terminated Ward's services on July 5, 2007, and did not owe him $11,488.

384629-05, which granted $11,488.00 to Ward as the principal amount, plus interest. On February 19, on Ward's motion, the trial court signed an "ORDER ON MOTION FOR SEVERANCE." This document ordered that the intervention be severed from trial court cause number 231-384629-05, "and made the subject of a separate action, to proceed as such to final judgment or other disposition in this Court." The severed action became trial court cause number 231-434723-08.

On February 27, Appellant filed a document with this court that indicated his desire to appeal the order granting attorney's fees in trial court cause number 231-384629-05. On March 10, we notified the parties that it appeared that this court lacked jurisdiction because there might not be a final judgment in the trial court. We based this concern on the language, cited above, that the trial court used in granting the motion to sever, which it signed six days after signing the purported final judgment in trial court cause number 231-384629-05, and which created the separate action under trial court cause number 231-434723-08.

Our letter also informed the parties that they had until March 31 to furnish this court with a signed final judgment in trial court cause number 231-434723-08, and that, if no final judgment had been signed and provided to us

2

by this date, then this attempted appeal would be dismissed for want of jurisdiction.

Generally, appellate courts can review only final and appealable judgments.[3]  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985).  As a rule, the severance of an interlocutory judgment into a separate cause makes it final.  *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995) (per curiam).  But where, as here, a severance order expressly contemplates that the severed claims will "proceed as such to final judgment or other disposition in this Court," a final judgment is precluded until a later judgment is signed.  *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001); *see also Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) ("As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of, *unless the order of severance indicates further proceedings are to be had in the severed action*." (emphasis added))

---

[3]  Certain interlocutory orders may also be appealed.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2007).  However, none of those exceptions to the general rule are applicable to this case.

The order from which Appellant attempts to appeal purports to be a final judgment as to Ward's intervention, but the language in the subsequent severance order contradicts that intention. *See Diversified Fin. Sys.*, 63 S.W.3d at 795. Specifically, the severance order's language, "to proceed as such to final judgment or other disposition in this Court," indicates that the trial court contemplated future action. *Id*. Therefore, because neither party has presented us with a final appealable judgment in trial court cause number 231-434723-08, we dismiss this appeal for want of jurisdiction.[4] *See* TEX. R. APP. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: May 8, 2008

---

[4] However, our action should not be construed in a manner that would prevent Appellant from later pursuing a timely appeal from an actual final judgment in trial court cause number 231-434723-08.