COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LINDA S. THOMAS AND ANTHONY THOMAS, JR., | § | No. 08-09-00205-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 4 |
| | § | of Dallas County, Texas |
| JOSEPH A. KUHN, M.D., | § | (TC# CC-06-01631-D) |
| Appellee. | § | |

**MEMORANDUM  OPINION**

Pending before the Court is Appellee, Dr. Joseph Kuhn's motion to dismiss this appeal

for lack of jurisdiction.  Finding that the notice of appeal was not timely filed, the motion will be

granted and the appeal dismissed.

Appellants Linda and Anthony Thomas filed suit against Dr. Kuhn in 2006, alleging

medical malpractice in the care and treatment of Ms. Thomas following a gastric bypass

procedure, liver biopsy, and stomach laparoscopy.  There were no other parties to the lawsuit.

Dr. Kuhn answered the suit with a general denial, including a request for costs.  Dr. Kuhn moved

for no-evidence summary judgment.  As part of their response, the Thomas's produced their

medical expert report as evidence of causation.  Dr. Kuhn objected to the evidence, arguing the

expert was unqualified, and the expert's opinions lacked reliability.  On December 1, 2008, the

trial court entered orders sustaining the doctor's objection and granting summary judgment.[1]

---

[1] The order states that having sustained the doctor's objection, there was no admissible
evidence of causation.

On May 18, 2009, the trial court entered an order titled "Final Judgment" stating that the court had granted Dr. Kuhn's no-evidence motion for summary judgment based on lack of expert causation evidence December 1, 2008. The plaintiffs filed a notice of appeal on June 17, 2009. Dr. Kuhn filed a motion to dismiss for lack of jurisdiction on July 21, 2009 arguing that the trial court's December 1 order was a final judgment, and therefore, the notice of appeal was untimely.

A judgment will be classified as "final" and is therefore appealable, if the judgment meets at least one of two criteria; the judgment actually disposes of all claims and parties before the court, or it states with "unmistakable clarity" that it is a final judgment. *See Guajardo v. Conwell*, 46 S.W.3d 862, 863-64 (Tex. 2001)(per curiam), *quoting Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). In this instance, the only parties before the trial court were the Thomas's and Dr. Kuhn. The only claim before the court was the medial malpractice claim asserted by the plaintiffs. Therefore, the December 1 summary judgment order was a final judgment as it disposed of all claims and parties in the suit.

In reaching our conclusion, we reject the Thomas's argument that the December 1 summary judgment order did not dispose of all claims between the parties because the trial court did not expressly dispose of Dr. Kuhn's claim for costs. A request for costs is not itself a "claim for affirmative relief." *Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex.App.--Dallas 2002, no pet.). In other words, a judgment which otherwise disposes of all parties and claims is not rendered interlocutory by a failure to award costs. *See id*. We conclude, therefore, that the trial court's summary judgment order of December 1 was a final judgment and the appellate timetables began to run from that date. *See* TEX.R.APP.P. 26.1.

A civil appeal is perfected when the notice of appeal is filed. *See* TEX.R.APP.P. 26.1;

*Restrepo v. First Nat'l Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App--El Paso 1995, no writ)(applying former Rule 40.1(a)(1)). When no motion for new trial or request for findings of fact and conclusions of law is filed, the notice of appeal must be filed within thirty days of the date the judgment is signed. TEX.R.APP.P. 26.1. When a motion for new trial is filed, or a party timely files a request for findings of fact and conclusions of law, the notice of appeal is due ninety days after the judgment is signed. TEX.R.APP.P. 26.1(a). Furthermore, an untimely notice of appeal will be considered timely if it is filed within fifteen days after the due date, and is accompanied by a reasonable explanation for appellant's failure to file on the due date. *See* TEX.R.APP.P. 26.3; *Vergburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

According to Rule 26.1, the latest the notice of appeal could have been timely filed in this case was March 16, 2009. *See* TEX.R.APP.P. 26.1 (a) and 26.3. We are not aware of any circumstance which would extend the deadline for filing the notice of appeal to June 17, 2009. Therefore, the notice of appeal was untimely and failed to invoke this Court's jurisdiction. *See* TEX.R.APP.P. 25.1(a); Appellant's motion to dismiss is GRANTED, and the appeal is dismissed for lack of jurisdiction.

September 23, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.