# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00705-CV

## In the Interest of E. B. S. and M. T. S.

## FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY,
## NO. 04-1269-FC3, HONORABLE JACK R. MILLER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Daniel Louis Simon appeals the trial court's child-support-enforcement judgment, which, among other things, (1) requires him to pay a child-support arrearage of $16,082.14 in $100 monthly increments after initial payments of $400 and $1,200, (2) reduces his current child-support obligation from $550 per month to $275 per month, and (3) limits the language he is permitted to write on his child-support checks. The trial court rendered the judgment at issue on June 25, 2012, and although not in the record, there is no dispute that Simon timely filed a motion to modify the judgment, which extended the deadline for filing a notice of appeal until September 24, 2012. *See* Tex. R. App. P. 26.1(a) (time to perfect appeal in civil case); *see also* Tex. R. App. P. 4.1 (computing time). After that date, Simon had an additional 15 days to file a notice of appeal in order to timely perfect his appeal, making his notice of appeal due no later than October 9, 2012. *See* Tex. R. App. P. 26.3; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 615-17 (Tex. 1997). Simon, however, did not file his notice of appeal until October 22, 2012. Consequently, the Office of the Attorney General for the State of Texas, which prosecuted the enforcement action pursuant to

Chapter 231 of the Texas Family Code, asserts that the appeal must be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *see also, e.g.*, *Stelzer v. Telserv Comm., Inc.*, No. 03-01-00699-CV, 2002 WL 99638, at *1-2 (Tex. App.—Austin Jan. 25, 2002, no pet.) (not designated for publication) ("When an appellant fails to file timely a perfecting instrument or properly seek an extension of time to file a perfecting instrument, the appellate court must dismiss the cause for lack of jurisdiction."); *see also* Tex. Fam. Code §§ 102.007 (providing authority to file a child-support action to enforce child-support obligations in connection with Chapter 231's Title IV-D services), 231.001-.309 (governing the provision of Title IV-D services).

In response, Simon does not contend that his notice of appeal was timely under the rules. Instead, he asserts that the judgment on appeal is void because the trial court lacked subject-matter jurisdiction, and therefore that the deadline for perfecting an appeal does not apply in this case.

Even if we were to assume that the trial court's judgment here is in fact void, as Simon alleges, Texas courts have consistently held that a party cannot attack a void judgment in an untimely appeal. *See, e.g.*, *Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 596-97 (Tex. App.—Dallas 2004, pet. denied) (rejecting parties' argument that void orders can be attacked at any time, including time that would otherwise be too late under rules of appellate procedure); *see also Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 766 n.7 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that appellant cannot collaterally attack, in same proceeding, order that it failed to timely appeal); *In re Estate of Courvier*, No. 04-07-00469-CV, 2007 WL 2935809, at *1 (Tex. App.—San Antonio Oct. 10, 2007, no pet.) (mem. op.) ("Assuming, without deciding, that the trial court's . . .

2

judgment is void, [appellant] was required to file a timely notice of appeal in order to challenge it on direct appeal."); *Standifer v. Cepeda*, No. 05-05-00725-CV, 2005 WL 2212291, at \*1 (Tex. App.—Dallas Sept. 12, 2005, no pet.) (mem. op) (holding that court lacked jurisdiction over restricted appeal because "[e]ven void orders must be timely appealed"); *Rollins v. Beaumont*, No. 05-04-01859-CV, 2005 WL 2100278, at \*2 (Tex. App.—Dallas Sept. 1, 2005, no pet.) (mem. op) ("[A] party cannot attack even allegedly void orders in an untimely appeal."). Because Simon did not timely appeal the trial court's judgment, we have no jurisdiction over this appeal. *See, e.g.*, *Thompson v. Beyer*, 91 S.W.3d 902, 905 (Tex. App.—Dallas 2002, no pet.). Accordingly, we dismiss this appeal for want of jurisdiction.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Dismissed for Want of Jurisdiction

Filed: November 7, 2013

3