

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00453-CV

---

JERRY LOFTIN                                                           APPELLANT

V.

DAVID HARVEY, JANET HARVEY,                                            APPELLEES
KENNETH HARVEY, JANICE
SCHATTMAN, AND LYNNE
MILLFORD

----------

### FROM THE 231ST DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 231-336866-02

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jerry Loftin attempts to appeal from the visiting trial judge's judgment denying his requests advanced in his seventh amended petition for intervention in a family law case (1) that Appellees Janet Harvey, Kenneth Harvey (the Harveys), and David Harvey (David) pay his attorney's fees and (2)

---

[1]*See* Tex. R. App. P. 47.4.

that they and their counsel or former counsel, Appellees Janice Schattman and Lynne Millford, pay sanctions. The Harveys and Schattman filed a joint motion to dismiss this appeal for want of jurisdiction, and David filed a similar motion to dismiss. Both motions contend that the judgment is not final because it does not dispose of all issues. Specifically, the supplemental petition to terminate David's parental relationship with the child at the center of the litigation, filed before the judgment was signed, remains pending. Neither Loftin nor Millford has filed a response to the motions to dismiss the appeal.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the legislature has specified are appealable.[2] To be final and appealable, a judgment must dispose of all parties and all issues.[3] The judgment here disposed of Loftin's seventh amended petition in intervention, and other matters had been resolved earlier in the suit. But the appellate record reflects that the supplemental petition to terminate David's parental rights remains pending in the trial court, and no party or intervenor filed a motion to sever.[4] Accordingly, the judgment Loftin attempts to appeal is not a final

---

[2]*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2014); *see also* Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law.").

[3]*Lehmann*, 39 S.W.3d at 195.

[4]*See In re C.H.*, No. 02-09-00060-CV, 2009 WL 1564936, at *1 (Tex. App.—Fort Worth June 4, 2009, no. pet.) (mem. op.) (holding judgment not final when issue of termination of father's parental rights remained pending and

2

judgment. Additionally, orders denying attorney's fees or sanctions are not appealable interlocutory orders.[5]

Because the judgment on Loftin's seventh amended petition in intervention is neither a final judgment nor an appealable interlocutory order, we grant the motions to dismiss, and we dismiss this appeal for want of jurisdiction.[6]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: August 28, 2014

---

mother had not sought severance); *Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) (stating general rule that severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been resolved).

[5] *See Allmond v. Loe, Warren, Rosenfield, Kaitcer, Hibbs & Windsor, P.C.*, No. 02-07-00282-CV, 2008 WL 4601910, at *1 (Tex. App.—Fort Worth Oct. 16, 2008, no. pet.) (mem. op.); *Byrd v. Byrd*, No. 02-07-00404-CV, 2008 WL 204511, at *1 (Tex. App.—Fort Worth Jan. 24, 2008, no pet.) (mem. op.).

[6] *See* Tex. R. App. P. 42.3(a), 43.2(f).