

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-19-00161-CV

---

IN THE INTEREST OF L.T., A CHILD

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 18-4392-362

---

Before Pittman, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant K.T. (Aunt) attempts to appeal the trial court's April 9, 2019 "Interlocutory Final Order of Termination, Modification, Removal of Conservatorship in Suit Affecting the Parent-Child Relationship" (interlocutory final order). The interlocutory final order, which followed a bench trial, terminates Mother D.T.'s parental rights and the parental rights of L.T.'s father and removes Aunt as L.T.'s sole managing conservator, but the order does not address the parental rights of Respondent Father H.J., alleged father of four of Mother's other children who are subjects in the suit. We notified Aunt of our concern that we lack jurisdiction over this appeal because the interlocutory final order does not appear to be either a final judgment or an appealable interlocutory order, and we stated that this appeal could be dismissed absent a response showing grounds for continuing it. Aunt responded, but her response does not show grounds allowing us to continue the appeal.

We have appellate jurisdiction of appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014. Texas Family Code Section 109.002 allows a party to appeal a final conservatorship or termination order. Tex. Fam. Code Ann. § 109.002(a), (b). No statute provides that an order which fails to resolve a termination petition against respondent parents who were not served and who did not waive service is an appealable interlocutory order.

2

To be final and appealable, a judgment must dispose of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. While a presumption arises that a judgment rendered after a conventional trial on the merits is final, *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966), that "presumption can be rebutted by a contrary showing in the record." *Lehmann*, 39 S.W.3d at 219.

Because the record rebuts the *Aldridge* presumption by revealing that the allegations to terminate H.J.'s parental rights remain pending, the interlocutory final order is not a final judgment and therefore not appealable.[1]  *See id.*; *In re M.G.F.*, No. 04-15-00591-CV, 2016 WL 519650, at *2 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.) (holding order not disposing of intervention not final); *cf. In re F.M.-T.*, No. 02-12-00522-CV, 2013 WL 1337789, at *1 (Tex. App.—Fort Worth Apr. 4, 2013, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when the trial court's order did not terminate the rights of the presumed father of one of the children). *First*, on the same date that the trial court signed the interlocutory final order, it signed an order extending the dismissal date and final trial date and stating:

> [H.J.'s adult son] was properly served and contacted the Department the day of trial and informed the Department that he is not a father of any of these children and further advised [his] father [H.J.] is the father of possibly several children in this cause. The Department contacted [H.J.]

---

[1]Had the interlocutory final order expressly stated that the allegations against H.J. would be handled in a separate trial, no presumption of finality would have arisen. *See Vaughn v. Drennon*, 324 S.W.3d 560, 562–63 (Tex. 2010).

and he . . . acknowledged he is the father of [one of the children] and possibly the father of [two others].

*Second*, the interlocutory final order expressly notes that H.J. had not been served.[2]

*Third*, the interlocutory final order indicates that the suit had not been finally disposed of by continuing the appointments of the children's attorneys ad litem and guardian ad litem "until further order of th[e Trial] Court or final disposition of this suit."

*Fourth*, the interlocutory final order does not contain a Mother Hubbard clause[3] or any clear language of finality but instead orders that "**ALL OTHER ORDERS OF THE COURT REMAIN IN FULL FORCE AND IN EFFECT**." *Finally*, the trial court has not ordered a severance. *See Thompson v. Beyer*, 91 S.W.3d 902, 904 (Tex. App.—Dallas 2002, no pet.) ("As a rule, a severance of an interlocutory judgment into a severed action makes it final if all claims in the severed action have been disposed of . . . ."); *see also In re C.H.*, No. 02–09–00060–CV, 2009 WL 1564936, at *1 (Tex. App.—Fort Worth June 4, 2009, no pet.) (per curiam) (mem. op.) (citing *Thompson* and noting in dismissing termination appeal for want of jurisdiction that trial court

---

[2]A fifth amended petition was filed two weeks after the interlocutory final order, and H.J. was served in June 2019.

[3]*See Lehmann*, 39 S.W.3d at 203–04 ("[T]he inclusion of a Mother Hubbard clause—by which we mean the statement, 'all relief not granted is denied,' or essentially those words—does not indicate that a judgment rendered without a conventional trial is final for purposes of appeal. . . . If there has been a full trial on the merits either to the bench or before a jury, the language indicates the court's intention to finally dispose of the entire matter, assuming that a separate or bifurcated trial is not ordered.").

case remained pending regarding father's rights and appellant mother had not sought severance).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: July 25, 2019