**Opinion filed April 2, 2020**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00067-CV

_____

## DEEPWELL ENERGY SERVICES, LLC, Appellant

## V.

## AVEDA TRANSPORTATION AND ENERGY SERVICES, JARED BROWN, LINDA CLARK, TOM HALLIDAY, AND MICKEY SIMS, Appellees

### On Appeal from the 385th District Court
### Midland County, Texas
### Trial Court Cause No. CV54356

### MEMORANDUM OPINION

Deepwell Energy Services, LLC filed a notice of appeal from an order granting the defendants' second amended motion for attorneys' fees, costs, expenses, and sanctions and dismissing Deepwell's claims with prejudice. Upon docketing this appeal, the clerk of this court wrote the parties and informed them

that the notice of appeal appeared to have been untimely filed. We requested that Deepwell respond and show grounds to continue the appeal. Deepwell filed a response in which it asserts that the trial court has not yet entered a final judgment in this cause and that, therefore, the notice of appeal was premature rather than late. Deepwell asserts that the order from which it filed the notice of appeal is not a final, appealable judgment "because it lacks language indicating finality and does not allocate responsibility for taxable court costs." Because we conclude that the order constituted a final judgment, we must dismiss this appeal for want of jurisdiction based upon the untimely filing of the notice of appeal.

The order at issue in this appeal reads as follows:

On September 18, 2018, this Court granted Defendants' TCPA[1] Motion to Dismiss. Before the Court is Defendants' . . . Second Amended Motion for Attorneys' Fees, Costs, Expenses, and Sanctions . . . . Defendants' Motion is GRANTED.

It is ORDERED that, pursuant to Texas Civil Practice & Remedies Code § 27.009, Plaintiff Deepwell Energy Services, LLC shall pay Defendant Aveda Transportation and Energy Services Inc. $402,729.30 for reasonable and necessary attorneys' fees, costs, and expenses incurred in defending this legal action.

It is further ORDERED that if Plaintiff appeals . . . Defendant Aveda Transportation and Energy Services Inc. is awarded $75,000.00 for additional reasonable and necessary attorneys' fees. If Plaintiff

---

[1]This appeal stems from the dismissal of Deepwell's claims pursuant to motions filed by the defendants under the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015) (the TCPA). The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010 (West Supp. 2019)). Because the underlying lawsuit was filed prior to September 1, 2019, the law in effect before September 1 applies. *See id.* §§ 11–12. For convenience, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500. Under Section 27.009 of the TCPA, when a trial court orders dismissal under the TCPA, the trial court "shall award to the moving party" "court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." *Id.* § 27.009(a)(1).

petitions for review in the Supreme Court of Texas, Defendant Aveda Transportation and Energy Services Inc. is awarded additional reasonable and necessary attorneys' fees of $15,000.00 [plus an additional $50,000.00 if the petition is granted and an additional $10,000.00 for representation through oral argument and the completion of proceedings in the Supreme Court of Texas].

It is further ORDERED that, pursuant to Texas Civil Practice & Remedies Code § 27.009, Plaintiff Deepwell Energy Services, LLC shall pay Defendant Aveda Transportation and Energy Services Inc. $250,000.00 for sanctions to deter Plaintiff from bringing similar legal actions.

It is further ORDERED that all of Plaintiff's claims in the above-styled and numbered cause are hereby dismissed with prejudice.

The above order disposes of all of the parties' claims[2] and contains language that indicates finality. For an order or judgment to be final and appealable in a case in which "there has not been a conventional trial on the merits," the order or judgment must either (1) "actually dispose[] of every pending claim and party" or (2) "clearly or unequivocally state[] that it finally disposes of all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). The court in *Lehmann* indicated that "[l]anguage that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties." *Id.* Here, the order specifically dismissed Deepwell's claims with prejudice.

We cannot hold that the order is interlocutory merely because it awarded "costs" and did not specifically award "taxable court costs" as suggested by Deepwell. Moreover, we note that at least two of our sister courts have held that the failure to assess costs does not affect the finality of a trial court's judgment. *See*

---

[2]We note that the appellate record was previously filed in this court in an interlocutory appeal from the denial of Deepwell's responsive TCPA motion to dismiss. *See Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, 574 S.W.3d 925 (Tex. App.—Eastland 2019, pet. denied).

*Straza v. Friedman, Driegert & Hsueh, L.L.C.*, 124 S.W.3d 404, 406 (Tex. App.—Dallas 2003, pet. denied) (rejecting argument that the orders were not final judgments because costs were not addressed); *City of Marshall v. Gonzales ex rel. Gonzales*, 107 S.W.3d 799, 803 (Tex. App.—Texarkana 2003, no pet.) (same); *Thompson v. Beyer*, 91 S.W.3d 902, 905 (Tex. App.—Dallas 2002, no pet.) (concluding that a trial court is not required to assess costs for its judgment to be final). We hold that the order at issue in this cause constituted a final, appealable order.

Because the trial court's order was final and appealable, the appellate timetables began on the date that the trial court signed the order—January 10, 2020. Accelerated timetables apply to this appeal because it is an expedited appeal from a final order of dismissal under Section 27.003 of the TCPA. *See* CIV. PRAC. & REM. § 27.008(b); TEX. R. APP. P. 28.1(a). Thus, the notice of appeal was due to be filed on January 30, 2020—twenty days after the order was signed. *See* TEX. R. APP. P. 26.1(b), 28.1(b). Appellant's notice of appeal was filed on February 27, 2020—forty-eight days after the date that the trial court signed the order. The notice of appeal was filed outside the fifteen-day extension period permitted by the rules. *See* TEX. R. APP. P. 26.3, 28.1(b). The notice of appeal was therefore untimely.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." TEX. R. APP. P. 2. Because we are without jurisdiction, we must dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

April 2, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.