**The CITY OF MARSHALL, Texas, d/b/a the Marshall Civic Center, Appellant,**

v.

**Antonio S. GONZALES, Jr., a Minor Child, By and Through Antonio S. GONZALES, Sr., His Next Friend, Appellee.**

No. 06–03–00006–CV.

Court of Appeals of Texas, Texarkana.

Submitted May 14, 2003.

Decided May 28, 2003.

Bradley R. Echols, Boon, Shaver, Echols & Coleman, PLLC, Longview, for appellant.

Bradley E. Beckworth, Nix, Patterson & Roach, LLP, Daingerfield, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice DONALD R. ROSS.

Antonio S. Gonzales, Jr., a minor child, by and through Antonio S. Gonzales, Sr., as next friend, sued the City of Marshall, Texas, d/b/a the Marshall Civic Center, for injuries the child received while at the City's civic center. The City asserted sovereign immunity with respect to all of Gonzales' claims and filed a plea to the court's jurisdiction based on that immunity. A hearing was held on the City's plea, and two days later, the trial court signed an order granting the plea and dismissing the suit with prejudice. Seventy-one days later, the trial court sent a letter to counsel advising that the order granting the City's motion had been signed in error. Fifty-five days after that (126 days following the order of dismissal), the trial court signed an order denying the City's plea to the jurisdiction.

The City brings this accelerated appeal, contending the trial court was without jurisdiction when it signed the order denying the City's plea to the court's jurisdiction, or alternatively, the court erred in denying its plea because the City has sovereign immunity with regard to all of Gonzales' claims. We agree the trial court had lost plenary power when it signed the order denying the City's plea to the jurisdiction. We therefore do not reach the sovereign immunity issues.

The trial court initially held a hearing on the City's plea to the jurisdiction August 13, 2002. Two days later, on August 15, the trial court signed an order dismissing the suit against the City. This order was filed for record August 16, 2002. At some point, a line was drawn through the trial court's signature on this dismissal order, and the words "signed in error" were written below the signature. These changes to the order were not signed or dated by the person making them. On October 25, 2002, the trial court sent a letter notifying the parties the court had previously (no time period was specified) found an order granting the City's plea to the court's jurisdiction which had been signed in error. On motion by the City, the court gave the parties additional time to file any other documents concerning the City's plea and agreed to rule on the matter without another oral hearing. On December 19, 2002, the trial court signed an order denying the City's plea to the jurisdiction.

The City contends the trial court erred in denying its plea to the jurisdiction because the court lost plenary power thirty days after signing the August 15 order granting the City's plea to the jurisdiction. *See* TEX.R. CIV. P. 329b(d). The City contends the trial court had no jurisdiction to reconsider the issue or to sign the order

denying the City's plea. Gonzales, on the other hand, contends the trial court was still within its plenary power when it signed the December 19 document and advances alternate theories in support of this position.

■ Gonzales first contends the August 15 order was an interlocutory order, not a judgment. In support, Gonzales points out that the order was not captioned or labeled a judgment and asserts that no notice of judgment was given to the parties. Further, Gonzales contends the August 15 order cannot be a judgment because it did not address all of the claims before the court, namely the City's prayer for costs.

Gonzales contends this case is "directly in line" with *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex.1994). In *Stewart*, the Texas Supreme Court said a properly executed order of dismissal is a judgment, so long as the order meets the requisites of a valid judgment. *Id.* To be a valid judgment, an order must be "sufficiently definite and certain to define and protect the rights of all litigants, or it should provide a definite means of ascertaining such rights, to the end that ministerial officers can carry the judgment into execution without ascertainment of facts not therein stated." *Id.*

The order in *Stewart* consisted of a captionless sheet purporting to dismiss an undesignated case and a later attached computer printout listing a number of cases. *Id.* at 19. The Texas Supreme Court concluded this document was not a judgment, saying:

The captionless sheet is labeled as an order, but it identifies no parties or docket numbers. The computer printout, which was not incorporated by reference into the captionless sheet and which listed over a dozen other cases, was not generated until several days after the trial court signed the captionless "order." It is impossible to discern from the face of the captionless sheet whose rights are affected by the attempted dismissal, and a ministerial officer could not have carried the "order" into execution without ascertaining additional facts. Consequently, we hold that the self-described "order" did not constitute a judgment and, accordingly, that Stewart's case was not dismissed.

*Id.* at 20.

Unlike *Stewart*, the dismissal order in the instant case states the case number at the top and then sets out a complete caption, clearly identifying the parties. Below the caption, the title of the order is stated in bold, capital letters: **"ORDER DISMISSING SUIT AGAINST THE CITY OF MARSHALL."** Below this heading, the order reads:

On this day came to be heard the Plea to the Jurisdiction of the City of Marshall, Defendant in the above-referenced matter. Having carefully considering [sic] the pleadings of the parties, the law presented and the arguments of counsel, it is the opinion of the Court that the Plea to the Jurisdiction should be in all things GRANTED;

The Court finds that Plaintiffs have failed to state a claim with respect to the City of Marshall for which sovereign immunity has been waived. IT IS THEREFORE ORDERED that Plaintiffs' claims against the City of Marshall be dismissed with prejudice in their entirety for want of jurisdiction.

We hold this order of dismissal to be "sufficiently definite and certain to define and protect the rights of all litigants." Both parties and the case number were identified, and the trial court's ruling was clear: Gonzales' claims against the City of Marshall were dismissed with prejudice in their entirety for want of jurisdiction.

Gonzales' contention that this order was not a final judgment because no notice of judgment was given to the parties is likewise unavailing. Tex.R. Civ. P. 306a(3) provides that, when a final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record. However, failure to give this notice is not determinative of whether an order is a final judgment or an appealable order. *Id.; see also Gen. Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 944 (Tex.1991) (absence from record of affirmative proof that notice of an order of dismissal was provided, as required by Rule 306a, does not establish error).

Gonzales also contends the August 15 order was not a judgment because it did not dispose of the issue of whether the City could recover its court costs; therefore, Gonzales reasons, a ministerial officer could not carry out the order without inquiring into these additional facts.

The Dallas Court of Appeals recently held that a trial court is not required to assess costs for its judgment to be final. *Thompson v. Beyer,* 91 S.W.3d 902, 904–05 (Tex.App.-Dallas 2002, no pet. h.). The court acknowledged that the Texas Supreme Court has not specifically addressed why a judgment need not assess costs to be final. *Id.* But, as pointed out by the Dallas court, the Texas Supreme Court has assumed, without discussion, that a trial court's failure to assess costs does not affect the finality of its judgment. *Id.* (discussing *City of West Lake Hills v. State,* 466 S.W.2d 722, 727 (Tex.1971)). We agree the failure to assess costs does not affect the finality of the trial court's judgment.

▪ Gonzales next contends the trial court corrected the August 15 order *nunc pro tunc.* The City counters that the trial court's error in signing the order was a judicial error, not clerical, and could not be corrected *nunc pro tunc.* Gonzales cites *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289 (1953), in support of his position. The City relies on *Love v. State Bank & Trust Co.,* 126 Tex. 591, 90 S.W.2d 819 (1936).

In *Knox,* the trial court was presented with 182 docket sheets stamped by the clerk "Dismissed for want of prosecution." *Knox,* 257 S.W.2d at 292. The trial court signed all of the docket sheets without determining in advance that all such cases should and would be dismissed. *Id.* After signing the docket sheets, the court determined two cases were still active and pulled the docket sheets for those out of the stack that were to be dismissed; even so, all 182 docket sheets were delivered to the clerk. *Id.* Later, the number and style of the two active cases were included in a blanket order of dismissal signed by the court. *Id.* Under those facts, the Texas Supreme Court concluded the inclusion of the two active cases was a clerical mistake, which did not reflect the intentions of the court, who had purposely set them aside not to be dismissed. *Id.*

In *Love,* cited by the City, the trial court signed a dismissal order prepared for the particular case in question (a distinction highlighted in *Knox,* which pointed out that the dismissal order in that case was intended and prepared in order to dismiss the 180 other cases, not *Knox* ). *Love,* 90 S.W.2d at 821; *Knox,* 257 S.W.2d at 293. This unintended dismissal was held to be judicial error in spite of the fact the case was mistakenly placed on a list of cases to be dismissed for want of prosecution. *See Love,* 90 S.W.2d at 821. The City reasons the dismissal in this case was also a judicial error, instead of clerical, even if it was a mistake by the trial court. In *Love,* the court explained, "[t]here may have been a 'mistake of the court in its rendition,

whereby an improper judgment was rendered,' but nevertheless it was a judicial act." *Id.* In *Knox,* the court was careful to explain the error was clerical: "the clerk, by mistake, inserted the number and style of this case"; therefore, "[t]his was a clerical error in the entry of a judgment rather than a judicial error in the rendition of a judgment...." *Knox,* 257 S.W.2d at 293. In this case, we have no evidence the mistake was clerical, rather than judicial. The only explanation of what happened was the October 25 letter from the trial court. The letter did not detail how or why the trial court mistakenly signed the August 15 order. The trial court's letter to the parties simply explained the court had found an order "which [the court] had signed in error." The letter does not mention any clerical error or offer any further insight into how the mistake actually occurred.

A trial court is not powerless to correct judicial mistakes, but those corrections must be made within the trial court's plenary power over the judgment. TEX.R. CIV. P. 329b(d). On the other hand, a trial court may correct clerical mistakes *nunc pro tunc,* regardless of the time period. TEX.R. CIV. P. 316. In this case, the trial court may have mistakenly granted the order of dismissal; but, such a mistake was a judicial error, which may not be corrected *nunc pro tunc.*

■ Gonzales contends, alternatively, that the trial court properly granted a new trial. He argues that the trial court's docket entry and October 25 letter must be deemed an order granting a motion for new trial. According to Gonzales, his August 26 letter to the trial court should be considered a motion for new trial, which was subsequently granted by the October

25 letter from the trial court. The City points out the inconsistency in Gonzales contending, on the one hand, that he did not receive notice of the order, and on the other hand, contending that his August 26 letter was a motion for new trial. The City further contends Gonzales' letter cannot constitute a motion for new trial because it fails to meet the requirements for such a motion under TEX.R. CIV. P. 21.[1] The City points out the letter was not titled as a motion for new trial, did not contain grounds for a new trial, and did not ask the court to grant a new trial as a request for relief.

Gonzales responds that,

> This letter brief expressly addressed each argument asserted by the City and stated that each of Appellee's claims should be allowed to proceed to trial. This letter brief also expressly stated both factual and legal arguments establishing that an order granting the City's Plea would be error. Thus, this brief ... was a duly filed motion for new trial....

We agree with the City's conclusion that "[t]he letter brief is just that, a brief." Within that letter, Gonzales said, "At the close of the hearing, the Court asked Plaintiff to submit a letter brief to provide the Court with information regarding this issue. As such, I respectfully provide this letter pursuant to the Court's request." This statement clearly explains the intentions of Gonzales at the time he filed the August 26 letter with the court. Moreover, the way the trial court thought of Gonzales' letter was revealed in the court's letter of October 25 when it referred to the letter as a brief, not as a motion for new trial. Without construing Gonzales' letter

---

1. TEX.R. CIV. P. 21 reads: "Every ... motion ..., unless presented during a hearing or trial, shall be filed with the clerk of the court in writing, shall state the grounds therefor, [and] shall set forth the relief or order sought,...."

as a motion for new trial, which we decline to do, there is no motion for new trial filed by Gonzales. Without a motion for new trial, the trial court's plenary power was not extended beyond thirty days; therefore, the trial court's letter of October 25 cannot be an order granting a new trial.

 Gonzales contends that, even if we do not construe his August 26 letter as a motion for new trial, the trial court granted a new trial on its own motion. Gonzales is correct that a trial court may, during its plenary power, grant a new trial and set aside a judgment for good cause on its own motion. TEX.R. CIV. P. 320; *State & County Mut. Fire Ins. Co. v. Kelly,* 915 S.W.2d 224, 227 (Tex.App.-Austin 1996, no writ). Gonzales contends the trial court made a docket entry August 30 vacating the dismissal order and granting a new trial, but he fails to direct us to any such docket entry in the record. The only document in the record that chronicles the events and orders of the trial court in connection with this case are two sheets that appear to be computer generated. The only entry on those sheets dated "08/30/02" reads as follows: "LET[TER] FROM BRADLEY BECKWORTH [Gonzales' attorney] TO JUDGE LEGGAT."

The October 25 letter from the trial court states, "when I received Plaintiff's letter brief, I discovered my error in signing the order and made a docket entry accordingly." It can be speculated that this language refers to the acts of the person who marked through the trial court's signature on the August 15 order of dismissal and wrote the words "signed in error," and that those acts occurred August 30. But without such speculation, there is no evidence in the record the trial court did anything with respect to this case until October 25. The letter to the parties written by the trial court on that date, explaining the court's mistake in signing the dismissal order, was penned forty-one days after the trial court had lost its plenary power over the case.

 Gonzales finally contends the City waived any appeal of the trial court's October 25 letter (and all that transpired as a result of the letter) because the City did not appeal the letter within the appellate time table. However, even construing the letter as an order, an order after a trial court loses its plenary power is void on its face. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 830 (1961). If an order is void on its face, it may be appealed, but it need not be to prove its invalidity. *Id.*

We conclude the trial court had no power to vacate the August 15 order after its plenary power had expired. Accordingly, the trial court's December 19, 2002, order denying the City's plea to the jurisdiction is reversed and judgment rendered in favor of the City.