# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00155-CV

**Christine Marie Roan, Appellant**

**v.**

**Frank Joseph Roan, II, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-FM-03-002927, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After the divorce proceeding involving appellant Christine Roan and appellee Frank Roan was dismissed for want of prosecution in 2007, Frank filed a motion for judgment nunc pro tunc, alleging that the court had rendered judgment granting Christine and Frank a divorce in 2004.[1] After a hearing, the trial court entered judgment nunc pro tunc granting the divorce. On appeal, Christine argues that the evidence is insufficient to support the trial court's findings regarding the rendition of judgment and the terms of the judgment, that the trial court erred in determining that the 2007 dismissal order constituted a clerical rather than a judicial error, and that the trial court abused its discretion in granting Frank's plea in abatement, thereby dismissing Christine's newly filed divorce action. We affirm the judgment of the trial court.

---

[1] Because the parties have the same surname, we will refer to them by their first names to avoid confusion.

**BACKGROUND**

As part of the settlement of their pending divorce, Christine and Frank entered into a Stipulation on Conservatorship, Possession, Support, and Other Issues ("Stipulation") in 2003 and a Mediated Settlement Agreement (MSA) in 2004. Pursuant to the terms of the MSA, a prove-up hearing was scheduled on March 8, 2004, "for the purpose of presenting evidence and securing rendition of judgment in accordance with" the MSA. The prove-up hearing was held before Judge John Dietz of the district court of Travis County.

At the time, Frank was represented by Becky Beaver and Charles Bowes, who was an associate in Beaver's office at the time.[2] While there is no transcript of the prove-up hearing in the record before us, Beaver, Bowes, and Frank testified about the prove-up hearing at a hearing on Frank's motion for judgment nunc pro tunc. All three witnesses testified that Judge Dietz approved the Stipulation and the MSA at the hearing. Bowes and Frank also testified that Judge Dietz rendered judgment granting Christine and Frank's divorce in accordance with the Stipulation and MSA.[3] Bowes testified, "I have specific recollections that day of—of the agreements being approved by Judge Dietz, and I have a specific recollection of Judge Dietz rendering judgment on that day and granting the divorce." In addition, Frank offered into evidence a letter from Judge Dietz's court reporter, dated July 21, 2004, which states that Judge Dietz granted Christine and Frank's divorce

---

[2] Bowes also served as Frank's lawyer on appeal and during proceedings on the motion for judgment nunc pro tunc.

[3] Beaver admitted that she did not specifically recall Judge Dietz rendering judgment. When asked if judgment was rendered by Judge Dietz, Beaver responded, "I feel certain if Judge Dietz had not—he's very good about that. If he—I feel certain if he did not, we would have asked him to please do that." At a prior hearing on Frank's motion for judgment nunc pro tunc, Judge Dietz also stated that he did not specifically remember rendering judgment granting the divorce.

2

on March 8, 2004.[4] Frank also testified that Judge Dietz did not order any changes to the Stipulation or the MSA when rendering judgment.

Beaver and Bowes testified that they drafted a divorce decree after the hearing, noting that they would not have done so if Judge Dietz had not rendered judgment. After Christine's lawyer responded with typographical corrections, Frank asked Beaver's office to withdraw for financial reasons. However, Frank ran into "trouble" with the office for Christine's lawyer and was unable to get the divorce decree finalized and signed.[5]

In July 2007, the case involving Christine and Frank's divorce was dismissed for want of prosecution as part of a mass order involving over 900 cases. The dismissal order stated that "it appear[s] to the Court that these causes of action have been pending in the district courts of Travis County, Texas, for a period of time in excess of the standard set forth in Rule 6 of the Texas Rules of Judicial Administration" and the local rules of civil procedure for Travis County. The order also stated that "notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record whose addresses are in the files of the District Clerk of Travis County, Texas." Bowes and Frank, however, testified that they did not receive notice of the dismissal.

In August 2008, Frank filed a motion for judgment nunc pro tunc to conform the trial court's written judgment to the judgment purportedly rendered by Judge Dietz at the 2004 prove-up

---

[4] The letter, which does not designate an addressee, states in pertinent part, "This is to verify that a divorce was granted in [Christine and Frank's case] on March 8, 2004, by Judge John K. Dietz. Judge Dietz ruled from the Bench. Although apparently no order has been submitted to Judge Dietz for signature, my records reflect that he did grant a divorce on March 8, 2004."

[5] According to Frank's brief, Christine's lawyer died before the decree was finalized.

3

hearing. Noting that he could be called as a witness regarding the 2004 prove-up hearing, Judge Dietz recused himself. After the case was reassigned,[6] a hearing on Frank's motion was held, and the trial court granted the motion for judgment nunc pro tunc and entered judgment granting Christine and Frank's divorce in accordance with the Stipulation and MSA. The trial court entered findings of fact stating that Judge Dietz had rendered judgment at the 2004 prove-up hearing and had granted the divorce under the terms of the Stipulation and MSA, and entered conclusions of law stating that the dismissal order constituted a clerical error that could be corrected by a judgment nunc pro tunc. At the hearing, the trial court also granted Frank's plea in abatement in a separate divorce action that Christine had filed after Frank had initiated the nunc pro tunc proceedings.[7] This appeal followed.

## STANDARD OF REVIEW

In the context of a judgment nunc pro tunc, the decision regarding whether an error in a judgment is judicial or clerical is a question of law that we review de novo. *See Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986); *see also In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) ("[Q]uestions of law are always subject to de novo review."). Whether the court pronounced judgment orally and the terms of the pronouncement, however, are questions of fact that are

---

[6] The case was assigned to Judge Suzanne Covington.

[7] The plea in abatement was filed in a separate action and is not part of the record before us. However, the plea in abatement was attached as an exhibit to Christine's brief and discussed in the briefs of the parties. As reflected in the parties' briefing, the filing seeks abatement or dismissal of Christine's separate divorce action on the basis that it involves the same issues and parties as the action that is the subject of this appeal.

reviewed for legal and factual sufficiency. *See Escobar*, 711 S.W.2d at 232; *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.).

When reviewing a finding for legal sufficiency, we must credit evidence favorable to the judgment if a reasonable fact-finder could, disregard contrary evidence unless a reasonable fact-finder could not, and reverse the fact-finder's determination only if the evidence presented in the trial court would not enable a reasonable and fair-minded fact-finder to reach the judgment under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We will sustain a legal-sufficiency challenge if the record reveals: (1) the complete absence of evidence of a vital fact; (2) that the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) that the evidence conclusively establishes the opposite of a vital fact. *See id.* at 810. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004).

When considering a factual-sufficiency challenge, we consider all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

We review the trial court's action in granting or denying a plea in abatement under an abuse of discretion standard. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *Davis v. Guerrero*, 64 S.W.3d 685, 691 (Tex. App.—Austin 2002, no pet). The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any

5

guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

## DISCUSSION

On appeal, Christine raises six issues challenging the trial court's entry of judgment nunc pro tunc. While the trial court cannot set its judgment aside except by a bill of review after its plenary power expires, *see* Tex. R. Civ. P. 329b(f), the trial court may correct clerical errors in the judgment at any time by using a judgment nunc pro tunc.[8] *See* Tex. R. Civ. P. 316; *Escobar*, 711 S.W.2d at 231. In this case, Christine argues that the trial court's findings regarding Judge Dietz's rendition of judgment were not supported by sufficient evidence, that the trial court erred in determining that entry of the dismissal order constituted a clerical error, and that the trial court abused its discretion in dismissing her newly filed divorce action. We address each argument in turn.

### *Evidentiary Sufficiency*

In her first four issues on appeal, Christine challenges the legal and factual sufficiency of the trial court's findings that Judge Dietz rendered judgment on March 4, 2008 and that the rendition of judgment comported with the parties' Stipulation and MSA. A judgment nunc pro tunc is proper only if there is some evidence that the judgment that the trial court originally rendered is not correctly represented in the judgment that was entered of record. *Escobar*, 711 S.W.2d at 232; *America's Favorite Chicken Co. v. Galvan*, 897 S.W.2d 874, 877 (Tex. App.—San Antonio 1995, writ denied). Consequently, whether the court rendered judgment previously and the exact terms of

---

[8] The parties do not dispute that the trial court's plenary power had expired at the time of the entry of judgment nunc pro tunc.

that judgment are questions of fact that must be resolved before the court can address whether the error in question may be corrected by a judgment nunc pro tunc. *Escobar*, 711 S.W.2d at 231 ("[T]he trial court factually determines whether it previously rendered judgment and the judgment's contents."). These findings are reviewed under traditional standards of evidentiary sufficiency, as "[a]n appellate court may review the trial court's factual determination only for legal and factual insufficiency of the evidence." *Dickens*, 957 S.W.2d at 659 (citing *Escobar*, 711 S.W.2d at 232).

In this case, Bowers, Beaver, and Frank testified that Christine and Frank's Stipulation and MSA were presented before Judge Dietz at the prove-up hearing on March 8, 2004. Bowers and Frank testified that they specifically remembered Judge Dietz approving the Stipulation and MSA and rendering judgment granting Christine and Frank's divorce in accordance with those documents. Frank also introduced the letter from Judge Dietz's court reporter indicating that Judge Dietz had granted the divorce from the bench at the prove-up hearing. Frank additionally testified that no changes were ordered concerning the Stipulation and MSA. Beaver and Bowers also testified that they drafted a divorce decree following the prove-up hearing, a task that would not have been undertaken had Judge Dietz not rendered judgment.

Based on this evidence, the trial court found that, "on March 8, 2004, the Honorable Judge John Dietz in open court orally approved the agreements of the parties set out in the Stipulation [and MSA]." The Court further found that "the Honorable Judge John Dietz in open court orally rendered final judgment based on the agreements of the parties set out in the Stipulation [and MSA], and granted the parties a divorce on March 8, 2004, based upon insupportability." The trial court then found that "the rendition of final judgment on March 8, 2004 by the Honorable Judge John Dietz disposed of all issues in the divorce proceeding."

7

Our review of the record indicates that these findings of the trial court are supported by legally and factually sufficient evidence. The testimony of Frank, Bowers, and Beaver constitutes more than a scintilla of evidence that Judge Dietz rendered judgment granting Christine and Frank's divorce while also providing some evidence that the terms of the divorce comported with the parties' Stipulation and MSA, both of which were offered into evidence. Further, this evidence was uncontroverted, as Christine called no witnesses of her own at the hearing and offered into evidence only the order dismissing the case. Accordingly, the findings concerning Judge Dietz's rendition of judgment and the terms of that judgment are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule Christine's first four issues challenging the evidentiary sufficiency of the trial court's findings.

### Clerical or Judicial Error

In her fifth issue on appeal, Christine argues that the trial court erred in determining that the error to be corrected by the judgment nunc pro tunc was clerical rather than judicial. The trial court may only correct clerical errors in the judgment by a judgment nunc pro tunc. *See* Tex. R. Civ. P. 316; *Escobar*, 711 S.W.2d at 231. A clerical error is a discrepancy between the judgment entered and the judgment actually rendered by the court, *see Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986), whereas a judicial error is an error in the judgment rendered, *see Escobar*, 711 S.W.2d at 231. "[W]henever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product of judicial reasoning is not involved." *Dickens*, 957 S.W.2d at 659 (quoting *Nolan v. Bettis*, 562 S.W.2d 520, 522 (Tex. Civ. App.—Austin 1978, no writ)).

8

Whether an error is judicial or clerical is a question of law. *Escobar*, 711 S.W.2d at 232. Proof of a clerical error must be clear, satisfying, and convincing. *Dickens*, 957 S.W.2d at 659. Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Even serious errors and omissions may be classified as clerical if the evidence shows the judgment as rendered, but the signed judgment inaccurately reflects the true decision of the court. *See Andrews*, 702 S.W.2d at 585-86; *see also Knox v. Long*, 257 S.W.2d 289, 293 (Tex. 1953) (classifying dismissal order entered by mistake as clerical error).

To evaluate whether the error in this case was clerical or judicial, we look first to the judgment "actually rendered" by the trial court. *Escobar*, 711 S.W.2d at 231; *see Matagorda County Appraisal Dist. v. Conquest Exploration Co.*, 788 S.W.2d 687, 693 (Tex. App.—Corpus Christi 1990, no writ) (explaining that "critical issues" in determining whether error is clerical are when trial court rendered judgment and what terms of judgment were). In this case, the trial court's findings indicate that Judge Dietz rendered judgment when he orally granted Christine and Frank's divorce on May 8, 2004, with the specific terms of the judgment governed by Christine and Frank's Stipulation and MSA. *See In re Fuselier*, 56 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (holding that "rendition of a judgment occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court"). Further, Judge Dietz's judgment disposed of all issues and parties before the court.

Based on this record, the dismissal order does not constitute a portion of the judgment, as a "trial court cannot dismiss an action for want of prosecution after rendition of a final judgment, because there is nothing left to be done except the memorialization of the judgment."

9

*Bazan v. Canales*, 200 S.W.3d 844, 848 (Tex. App.—Corpus Christi 2006, no pet.) (citing *Williams v. Wyrick*, 245 S.W.2d 961, 962 (Tex. 1952)). Accordingly, Frank's motion to conform the judgment as written to the judgment orally rendered by Judge Dietz at the 2004 prove-up hearing does not attempt to alter the judgment as rendered, but rather seeks to ensure that the judgment actually rendered is properly reflected in the judgment as entered. The underlying error in the entry of judgment is, therefore, properly classified as clerical. *See Andrews*, 702 S.W.2d at 585 (holding that clerical error involves discrepancy between judgment entered and judgment actually rendered).

Christine argues that the dismissal order nonetheless constitutes a judicial error. Christine cites two cases for the proposition that dismissal of a case is a judicial act. *See Universal Underwriters Ins. Co. v. Ferguson*, 471 S.W.2d 28 (Tex. 1971); *City of Marshall v. Gonzales*, 107 S.W.3d 799 (Tex. App.—Texarkana 2003, no pet.). These cases are distinguishable, however, as in both cases there was no evidence of a rendered judgment apart from the dismissal order, and accordingly the errors were held to be in the rendition, rather than the entry, of judgment. *See Universal Underwriters*, 471 S.W.2d at 30 ("[Appellant]'s case was included in the judgment of dismissal as rendered."); *City of Marshall*, 107 S.W.3d at 804 ("In this case, we have no evidence that the error was clerical, rather than judicial."); *see also Escobar*, 711 S.W.2d at 232 (explaining that for judgment nunc pro tunc to be appropriate, there must be some evidence that judgment originally rendered is not correctly represented in judgment that was entered). On the other hand, the supreme court has held that where, as here, there is evidence that inclusion of cases as part of a mass dismissal does not reflect the intentions of the trial court, the error is clerical rather than judicial. *See Knox*, 257 S.W.2d at 293; *see also City of Marshall*, 107 S.W.3d at 804 (discussing *Knox*).

10

Christine's fifth issue is overruled.

### *Plea in Abatement*

In her sixth issue on appeal, Christine argues that the trial court abused its discretion in granting Frank's plea in abatement and dismissing a new divorce action she had initiated after Frank had filed the motion for judgment nunc pro tunc. The record, however, does not indicate that Christine filed a notice of appeal in that separate action. *See* Tex. R. App. P. 25.1(b) (appellate court does not have jurisdiction to consider merits of appeal when notice of appeal is not properly filed). Accordingly, the issue is not properly before this Court, and we overrule Christine's sixth issue.

### CONCLUSION

Because we find no reversible error, we affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   October 28, 2010

11