TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00155-CV






Christine Marie Roan, Appellant


v.


Frank Joseph Roan, II, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-FM-03-002927, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 After the divorce proceeding involving appellant Christine Roan and appellee Frank
Roan was dismissed for want of prosecution in 2007, Frank filed a motion for judgment nunc pro
tunc, alleging that the court had rendered judgment granting Christine and Frank a divorce in 2004. (1) 
After a hearing, the trial court entered judgment nunc pro tunc granting the divorce. On appeal,
Christine argues that the evidence is insufficient to support the trial court's findings regarding the
rendition of judgment and the terms of the judgment, that the trial court erred in determining that the
2007 dismissal order constituted a clerical rather than a judicial error, and that the trial court abused
its discretion in granting Frank's plea in abatement, thereby dismissing Christine's newly filed
divorce action. We affirm the judgment of the trial court.


BACKGROUND

 As part of the settlement of their pending divorce, Christine and Frank entered into
a Stipulation on Conservatorship, Possession, Support, and Other Issues ("Stipulation") in 2003 and
a Mediated Settlement Agreement (MSA) in 2004. Pursuant to the terms of the MSA, a prove-up
hearing was scheduled on March 8, 2004, "for the purpose of presenting evidence and securing
rendition of judgment in accordance with" the MSA. The prove-up hearing was held before
Judge John Dietz of the district court of Travis County. 

 At the time, Frank was represented by Becky Beaver and Charles Bowes, who was
an associate in Beaver's office at the time. (2) While there is no transcript of the prove-up hearing in
the record before us, Beaver, Bowes, and Frank testified about the prove-up hearing at a hearing on
Frank's motion for judgment nunc pro tunc. All three witnesses testified that Judge Dietz approved
the Stipulation and the MSA at the hearing. Bowes and Frank also testified that Judge Dietz
rendered judgment granting Christine and Frank's divorce in accordance with the Stipulation and
MSA. (3) Bowes testified, "I have specific recollections that day of--of the agreements being approved
by Judge Dietz, and I have a specific recollection of Judge Dietz rendering judgment on that day and
granting the divorce." In addition, Frank offered into evidence a letter from Judge Dietz's court
reporter, dated July 21, 2004, which states that Judge Dietz granted Christine and Frank's divorce
on March 8, 2004. (4) Frank also testified that Judge Dietz did not order any changes to the Stipulation
or the MSA when rendering judgment.

 Beaver and Bowes testified that they drafted a divorce decree after the hearing, noting
that they would not have done so if Judge Dietz had not rendered judgment. After Christine's lawyer
responded with typographical corrections, Frank asked Beaver's office to withdraw for financial
reasons. However, Frank ran into "trouble" with the office for Christine's lawyer and was unable
to get the divorce decree finalized and signed. (5)

 In July 2007, the case involving Christine and Frank's divorce was dismissed for want
of prosecution as part of a mass order involving over 900 cases. The dismissal order stated that "it
appear[s] to the Court that these causes of action have been pending in the district courts of Travis
County, Texas, for a period of time in excess of the standard set forth in Rule 6 of the Texas Rules of
Judicial Administration" and the local rules of civil procedure for Travis County. The order also
stated that "notice of the Court's intention to dismiss these causes for want of prosecution was
sent to all parties and attorneys of record whose addresses are in the files of the District Clerk of
Travis County, Texas." Bowes and Frank, however, testified that they did not receive notice of
the dismissal.

 In August 2008, Frank filed a motion for judgment nunc pro tunc to conform the trial
court's written judgment to the judgment purportedly rendered by Judge Dietz at the 2004 prove-up
hearing. Noting that he could be called as a witness regarding the 2004 prove-up hearing,
Judge Dietz recused himself. After the case was reassigned, (6) a hearing on Frank's motion was held,
and the trial court granted the motion for judgment nunc pro tunc and entered judgment granting
Christine and Frank's divorce in accordance with the Stipulation and MSA. The trial court entered
findings of fact stating that Judge Dietz had rendered judgment at the 2004 prove-up hearing and had
granted the divorce under the terms of the Stipulation and MSA, and entered conclusions of law
stating that the dismissal order constituted a clerical error that could be corrected by a judgment nunc
pro tunc. At the hearing, the trial court also granted Frank's plea in abatement in a separate
divorce action that Christine had filed after Frank had initiated the nunc pro tunc proceedings. (7) This
appeal followed.


STANDARD OF REVIEW

 In the context of a judgment nunc pro tunc, the decision regarding whether an error
in a judgment is judicial or clerical is a question of law that we review de novo. See Escobar
v. Escobar, 711 S.W.2d 230, 232 (Tex. 1986); see also In re Humphreys, 880 S.W.2d 402, 404 (Tex.
1994) ("[Q]uestions of law are always subject to de novo review."). Whether the court pronounced
judgment orally and the terms of the pronouncement, however, are questions of fact that are
reviewed for legal and factual sufficiency. See Escobar, 711 S.W.2d at 232; Dickens v. Willis,
957 S.W.2d 657, 659 (Tex. App.--Austin 1997, no pet.).

 When reviewing a finding for legal sufficiency, we must credit evidence favorable
to the judgment if a reasonable fact-finder could, disregard contrary evidence unless a reasonable
fact-finder could not, and reverse the fact-finder's determination only if the evidence presented in
the trial court would not enable a reasonable and fair-minded fact-finder to reach the judgment under
review. City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). We will sustain a
legal-sufficiency challenge if the record reveals: (1) the complete absence of evidence of a vital fact;
(2) that the court is barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact; (3) that the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) that the evidence conclusively establishes the opposite of a vital fact. See id. at 810. 
More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable
and fair-minded people to differ in their conclusions. Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
601 (Tex. 2004). 

 When considering a factual-sufficiency challenge, we consider all the evidence and
set aside the judgment only if it is so contrary to the overwhelming weight of the evidence that it is
clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 We review the trial court's action in granting or denying a plea in abatement under
an abuse of discretion standard. Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988);
Davis v. Guerrero, 64 S.W.3d 685, 691 (Tex. App.--Austin 2002, no pet). The trial court abuses
its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any
guiding rules or principles. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985).

DISCUSSION

 On appeal, Christine raises six issues challenging the trial court's entry of judgment
nunc pro tunc. While the trial court cannot set its judgment aside except by a bill of review after its
plenary power expires, see Tex. R. Civ. P. 329b(f), the trial court may correct clerical errors in the
judgment at any time by using a judgment nunc pro tunc. (8) See Tex. R. Civ. P. 316; Escobar,
711 S.W.2d at 231. In this case, Christine argues that the trial court's findings regarding Judge
Dietz's rendition of judgment were not supported by sufficient evidence, that the trial court erred in
determining that entry of the dismissal order constituted a clerical error, and that the trial court
abused its discretion in dismissing her newly filed divorce action. We address each argument in turn.


Evidentiary Sufficiency

 In her first four issues on appeal, Christine challenges the legal and factual sufficiency
of the trial court's findings that Judge Dietz rendered judgment on March 4, 2008 and that the
rendition of judgment comported with the parties' Stipulation and MSA. A judgment nunc pro tunc
is proper only if there is some evidence that the judgment that the trial court originally rendered is
not correctly represented in the judgment that was entered of record. Escobar, 711 S.W.2d at 232;
America's Favorite Chicken Co. v. Galvan, 897 S.W.2d 874, 877 (Tex. App.--San Antonio 1995,
writ denied). Consequently, whether the court rendered judgment previously and the exact terms of
that judgment are questions of fact that must be resolved before the court can address whether the
error in question may be corrected by a judgment nunc pro tunc. Escobar, 711 S.W.2d at 231
("[T]he trial court factually determines whether it previously rendered judgment and the judgment's
contents."). These findings are reviewed under traditional standards of evidentiary sufficiency, as
"[a]n appellate court may review the trial court's factual determination only for legal and factual
insufficiency of the evidence." Dickens, 957 S.W.2d at 659 (citing Escobar, 711 S.W.2d at 232).

 In this case, Bowers, Beaver, and Frank testified that Christine and Frank's
Stipulation and MSA were presented before Judge Dietz at the prove-up hearing on March 8, 2004. 
Bowers and Frank testified that they specifically remembered Judge Dietz approving the Stipulation
and MSA and rendering judgment granting Christine and Frank's divorce in accordance with those
documents. Frank also introduced the letter from Judge Dietz's court reporter indicating that Judge
Dietz had granted the divorce from the bench at the prove-up hearing. Frank additionally testified
that no changes were ordered concerning the Stipulation and MSA. Beaver and Bowers also testified
that they drafted a divorce decree following the prove-up hearing, a task that would not have been
undertaken had Judge Dietz not rendered judgment.

 Based on this evidence, the trial court found that, "on March 8, 2004, the Honorable
Judge John Dietz in open court orally approved the agreements of the parties set out in the
Stipulation [and MSA]." The Court further found that "the Honorable Judge John Dietz in open
court orally rendered final judgment based on the agreements of the parties set out in the Stipulation
[and MSA], and granted the parties a divorce on March 8, 2004, based upon insupportability." The
trial court then found that "the rendition of final judgment on March 8, 2004 by the Honorable Judge
John Dietz disposed of all issues in the divorce proceeding." 

 Our review of the record indicates that these findings of the trial court are supported
by legally and factually sufficient evidence. The testimony of Frank, Bowers, and Beaver constitutes
more than a scintilla of evidence that Judge Dietz rendered judgment granting Christine and Frank's
divorce while also providing some evidence that the terms of the divorce comported with the parties'
Stipulation and MSA, both of which were offered into evidence. Further, this evidence was
uncontroverted, as Christine called no witnesses of her own at the hearing and offered into evidence
only the order dismissing the case. Accordingly, the findings concerning Judge Dietz's rendition of
judgment and the terms of that judgment are not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. We overrule Christine's first four issues challenging the
evidentiary sufficiency of the trial court's findings. 


Clerical or Judicial Error

 In her fifth issue on appeal, Christine argues that the trial court erred in determining
that the error to be corrected by the judgment nunc pro tunc was clerical rather than judicial. The
trial court may only correct clerical errors in the judgment by a judgment nunc pro tunc. See Tex.
R. Civ. P. 316; Escobar, 711 S.W.2d at 231. A clerical error is a discrepancy between the judgment
entered and the judgment actually rendered by the court, see Andrews v. Koch, 702 S.W.2d 584, 585
(Tex. 1986), whereas a judicial error is an error in the judgment rendered, see Escobar, 711 S.W.2d
at 231. "[W]henever the judgment entered by the court incorrectly records the judgment rendered,
the error is clerical, so long as a product of judicial reasoning is not involved." Dickens, 957 S.W.2d
at 659 (quoting Nolan v. Bettis, 562 S.W.2d 520, 522 (Tex. Civ. App.--Austin 1978, no writ)).

 Whether an error is judicial or clerical is a question of law. Escobar, 711 S.W.2d at
232. Proof of a clerical error must be clear, satisfying, and convincing. Dickens, 957 S.W.2d at 659. 
Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket
entries, or the trial judge's personal recollection. Barton v. Gillespie, 178 S.W.3d 121, 127 (Tex.
App.--Houston [1st Dist.] 2005, no pet.). Even serious errors and omissions may be classified as
clerical if the evidence shows the judgment as rendered, but the signed judgment inaccurately reflects
the true decision of the court. See Andrews, 702 S.W.2d at 585-86; see also Knox v. Long,
257 S.W.2d 289, 293 (Tex. 1953) (classifying dismissal order entered by mistake as clerical error).

 To evaluate whether the error in this case was clerical or judicial, we look first to the
judgment "actually rendered" by the trial court. Escobar, 711 S.W.2d at 231; see Matagorda County
Appraisal Dist. v. Conquest Exploration Co., 788 S.W.2d 687, 693 (Tex. App.--Corpus Christi
1990, no writ) (explaining that "critical issues" in determining whether error is clerical are when trial
court rendered judgment and what terms of judgment were). In this case, the trial court's findings
indicate that Judge Dietz rendered judgment when he orally granted Christine and Frank's divorce
on May 8, 2004, with the specific terms of the judgment governed by Christine and Frank's
Stipulation and MSA. See In re Fuselier, 56 S.W.3d 265, 268 (Tex. App.--Houston [1st Dist.]
2001, orig. proceeding) (holding that "rendition of a judgment occurs when the trial court's decision
is officially announced either by a signed memorandum filed with the clerk of the court or orally in
open court"). Further, Judge Dietz's judgment disposed of all issues and parties before the court. 

 Based on this record, the dismissal order does not constitute a portion of the
judgment, as a "trial court cannot dismiss an action for want of prosecution after rendition of a final
judgment, because there is nothing left to be done except the memorialization of the judgment." 
Bazan v. Canales, 200 S.W.3d 844, 848 (Tex. App.--Corpus Christi 2006, no pet.) (citing Williams
v. Wyrick, 245 S.W.2d 961, 962 (Tex. 1952)). Accordingly, Frank's motion to conform the
judgment as written to the judgment orally rendered by Judge Dietz at the 2004 prove-up hearing
does not attempt to alter the judgment as rendered, but rather seeks to ensure that the judgment
actually rendered is properly reflected in the judgment as entered. The underlying error in the entry
of judgment is, therefore, properly classified as clerical. See Andrews, 702 S.W.2d at 585 (holding
that clerical error involves discrepancy between judgment entered and judgment actually rendered). 

 Christine argues that the dismissal order nonetheless constitutes a judicial error. 
Christine cites two cases for the proposition that dismissal of a case is a judicial act. See Universal
Underwriters Ins. Co. v. Ferguson, 471 S.W.2d 28 (Tex. 1971); City of Marshall v. Gonzales,
107 S.W.3d 799 (Tex. App.--Texarkana 2003, no pet.). These cases are distinguishable, however,
as in both cases there was no evidence of a rendered judgment apart from the dismissal order, and
accordingly the errors were held to be in the rendition, rather than the entry, of judgment. See
Universal Underwriters, 471 S.W.2d at 30 ("[Appellant]'s case was included in the judgment of
dismissal as rendered."); City of Marshall, 107 S.W.3d at 804 ("In this case, we have no evidence
that the error was clerical, rather than judicial."); see also Escobar, 711 S.W.2d at 232 (explaining
that for judgment nunc pro tunc to be appropriate, there must be some evidence that judgment
originally rendered is not correctly represented in judgment that was entered). On the other hand,
the supreme court has held that where, as here, there is evidence that inclusion of cases as part of a
mass dismissal does not reflect the intentions of the trial court, the error is clerical rather
than judicial. See Knox, 257 S.W.2d at 293; see also City of Marshall, 107 S.W.3d at 804
(discussing Knox).

 Christine's fifth issue is overruled. 


Plea in Abatement

 In her sixth issue on appeal, Christine argues that the trial court abused its discretion
in granting Frank's plea in abatement and dismissing a new divorce action she had initiated after
Frank had filed the motion for judgment nunc pro tunc. The record, however, does not indicate that
Christine filed a notice of appeal in that separate action. See Tex. R. App. P. 25.1(b) (appellate court
does not have jurisdiction to consider merits of appeal when notice of appeal is not properly filed). 
Accordingly, the issue is not properly before this Court, and we overrule Christine's sixth issue.


CONCLUSION

 Because we find no reversible error, we affirm the judgment of the trial court.


__________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: October 28, 2010
1. Because the parties have the same surname, we will refer to them by their first names to
avoid confusion.
2. Bowes also served as Frank's lawyer on appeal and during proceedings on the motion for
judgment nunc pro tunc.
3. Beaver admitted that she did not specifically recall Judge Dietz rendering judgment. When
asked if judgment was rendered by Judge Dietz, Beaver responded, "I feel certain if Judge Dietz had
not--he's very good about that. If he--I feel certain if he did not, we would have asked him to
please do that." At a prior hearing on Frank's motion for judgment nunc pro tunc, Judge Dietz also
stated that he did not specifically remember rendering judgment granting the divorce.
4. The letter, which does not designate an addressee, states in pertinent part, "This is to verify
that a divorce was granted in [Christine and Frank's case] on March 8, 2004, by Judge John K. Dietz. 
Judge Dietz ruled from the Bench. Although apparently no order has been submitted to Judge Dietz
for signature, my records reflect that he did grant a divorce on March 8, 2004."
5. According to Frank's brief, Christine's lawyer died before the decree was finalized.
6. The case was assigned to Judge Suzanne Covington.
7. The plea in abatement was filed in a separate action and is not part of the record before us. 
However, the plea in abatement was attached as an exhibit to Christine's brief and discussed in the
briefs of the parties. As reflected in the parties' briefing, the filing seeks abatement or dismissal of
Christine's separate divorce action on the basis that it involves the same issues and parties as the
action that is the subject of this appeal.
8. The parties do not dispute that the trial court's plenary power had expired at the time of the
entry of judgment nunc pro tunc.